Johnson, J.
The act of 1769 (Pub. Laws, 270,) authorises the Judges of the Circuit Court “ to determine without a jury in a summary way on petition, all causes cognizable in the sard Courts, for -any sum not exceeding £20 sterling, except *630 where the title to lands may come in questionreserving to either party the right to have the cause submitted to the jury if they shall desire it; and upon this act it has been holden,that the plaintiff must sue in this jurisdiction where a money demand, originally more than £20, had been reduced by payments directly made, below it. Levy v. Roberts, 1 M’C. 395: and that if the real demand of the plaintiff be under that sum, and other items be added to swell the sum above, to enable the plaintiff to sue in the general jurisdiction, he shall only have summary process costs. Cambridge Association v. Nichols, Const. Rep. by Tread. 121. And so in the case of Lynch v. Crocker & Mitchell, 2 Bailey, 313, where it was held that a sum. pro. would lie on a bond, the sum expressed in the condition of which was within that jurisdiction, although the penalty exceeded it, and I cannot distinguish between that and the present case. It proceeds upon the ground, that overlooking technical precision, the cause truly stated shews that the sum due is within that jurisdiction; and these reasons apply with equal force where the damages are within the jurisdiction, although the precise sum is not ascertained in the condition of the bond, for the plaintiff cannot recover more than the damages laid.
Choice, for the motion.
Perry, contra.
It appears that this was a bond entered into by a constable, for the faithful discharge of the duties of the office, and the only objection which has been raised to entertaining summary jurisdiction of the cause, is, that every one who is injured by a breach of the condition, might maintain several suits; whereas, under the rule in The Treasurers v. Bates, 2 Bail. 363, all might come in under a judgement for the penalty, and, upon a suggestion, have their damages assessed without resorting to separate actions. But no other parties are now claiming, and the Court will not presume there are others merely for the purpose of turning the plaintiff out of Court; and if a case should occur where the aggregate amount of all the demands exceed the summary jurisdiction, I have no doubt about the authority of the Court to order them to be consolidated, and direct the plaintiffs to declare.
Motion granted.
Harper, J. concurred.